USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1712 UNITED STATES, Appellee, v. LUIS ALZATE, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Normand S. Zalkind with whom Zalkind, Rodriguez, Lunt & Duncan is __________________ __________________________________ on brief for appellant. Margaret F. Curran, Assistant United States Attorney, with whom ___________________ Sheldon Whitehouse, United States Attorney, and Edwin J. Gale, ___________________ _______________ Assistant United States Attorney, are on brief for appellee. ____________________ November 27, 1995 ____________________ Per Curiam. Defendant Luis Alzate appeals his ___________ conviction for possessing cocaine with intent to distribute, 21 U.S.C. 841(a)(1) and (b)(1)(B), contending that two errors in the jury instructions relating to his entrapment defense warrant reversal. As Alzate failed to object at the time the instructions were given, we review only for plain error. 1. One element of entrapment is that the government have instigated the defendant's conduct. E.g., United States ____ _____________ v. Gifford, 17 F.3d 462, 468 (1st Cir. 1994). Alzate claims _______ that the district court erred by failing to instruct the jury that the actions of the FBI's paid informant were attributable to the government. The government's responsibility for the informant was not in dispute at trial, and Alzate understandably sought no instruction. Nevertheless, on appeal Alzate relies upon an earlier dictum of this court that where the government concedes that the actions of its informer are attributable to the government, the jury should be so instructed. United States _____________ v. Annese, 631 F.2d 1041, 1048 (1st Cir. 1980). In Annese, ______ ______ the trial judge had confused matters by instructing jurors that they must determine whether the "inducing" individual was an agent for the government, even though no dispute existed as to that issue. Annese certainly does not hold ______ that it is reversible error to forego the instruction now -2- -2- claimed necessary where, as here, no such instruction is sought and there is no indication of prejudice. Ordinarily, a claimed error to which no objection was made at trial will not be considered without a showing of likely effect on the outcome. United States v. Olano, 113 S. _____________ _____ Ct. 1770, 1777-778 (1993). Here, we have every reason to think that the jury clearly understood that the informant was acting as a government agent. Undisputed testimony established that the informant was paid by the government, received instruction from FBI agents, and regularly reported to the FBI. Indeed, the prosecution's own closing remarks conceded that the inducer "was a paid FBI informant" who arranged the drug transaction "on behalf of the FBI." On these facts we find no prejudice, even assuming that the dictum in Annese should be extended beyond the peculiar facts ______ of that case. 2. The other element of the standard entrapment instruction requires the government to show that the defendant, if induced to commit the crime, was predisposed to do it before the government approached him. Gifford, 17 _______ F.3d. 468. The instructions here so advised the jury in the conventional manner. Among other references, the judge told the jury that the entrapment defense applies when a defendant "who has no previous intent to commit a crime is persuaded to do so by the Government through its agents." The court also -3- -3- said that, for an entrapment claim to prevail, the defendant must be "not predisposed to engage in such conduct" and that the entrapment defense would not apply "[i]f the Government proves the Defendant was ready and willing to break the law . . . ." The subtlety now relied upon by Alzate is that under Jacobson v. United States, 503 U.S. 540, 549 & n.2 (1992), ________ _____________ the government cannot prove predisposition if the defendant's willingness to commit the crime was itself manufactured by the government in the course of dealing with the defendant before he committed the crime charged. We think that the first of the instructions quoted above--referring to a defendant with "no previous intent to commit a crime" who is "persuaded . . . by the Government"--does convey the notion that the question posed was whether Alzate did have criminal intent before the government persuasion occurred. While a ______ more precisely tailored instruction might well have been suitable if specially sought, such refinements tailoring the language to the situation require that the judge be advised of the request. We do not think that there was plain error in the charge. We also have little reason to think that the precise phrasing of the instruction affected the outcome. Alzate did testify that he was repeatedly badgered by the informant, but his claims were not entirely borne out by what was recorded. -4- -4- Moreover, Alzate, who had a beeper with him when he was arrested, also was found to have in his house an electronic scale, a kit for testing cocaine including a chemical used to perform the test, and a small amount of cocaine. Although Alzate offered the jury explanations for the cocaine and other paraphernalia, it was easily within the jury's discretion to disbelieve him. Affirmed. ________ -5- -5-